FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 FEB 18 PM 1:23

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

# NEW ORLEANS DIVISION

| | |
|---|---|
| SUPERIOR ENERGY SERVICES, LLC, SUPERIOR ENERGY LIFTBOATS, LLC, AMERICAN EMPLOYERS INSURANCE COMPANY, FIREMAN'S FUND INSURANC ECOMPANY, MARKEL INSURANCE COMPANY, ROYAL INSURANCE COMPANY AND ONE BEACON INSURANCE COMPANY<br><br>VERSUS<br><br>INTERNATIONAL MARINE SYSTEMS, LLC, BOLLINGER SHIPYARDS LOCKPORT, LLC and SOTEC, LLC | CIVIL ACTION NO. 04-0474<br><br>SECTION SECT. D MAG 3<br>JUDGE<br><br>MAGISTRATE: () |

## COMPLAINT

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA AND THE HONORABLE JUDGES THEREOF:**

The complaint of Superior Energy Services, LLC, Superior Energy Liftboats, LLC,

American Employers Insurance Company, Fireman's Fund Insurance Company, Markel

Insurance Company, Royal Insurance Company and One Beacon Insurance Company,

- 1 -

Fee 150
Process
X Dktd
CtRmDep
Doc. No.

in a cause of action of maritime tort and property damage, loss of use, and all other consequential losses, damages, expenses, attorney's fees, interest, and costs, respectfully allege and aver as follows:

1.

At all times material hereto, Plaintiff, Superior Energy Liftboats, LLC, was and is a limited liability company duly organized and existing under and by virtue of the laws of the state of Louisiana with an office and principal place of business located at 1105 Peters Road, Harvey, Louisiana 70058.  Superior Energy Liftboats, LLC, was and is the owner of the L/B SUPERIOR GALE.

2.

At all times material hereto, Plaintiff, Superior Energy Services, LLC, was and is a limited liability company duly organized and existing under and by virtue of the laws of the state of Louisiana with an office and principal place of business located at 1105 Peters Road, Harvey, Louisiana 70058.  Superior Energy Services, LLC, was and is the operator of the L/B SUPERIOR GALE.

3.

At all times material hereto, Plaintiff, American Employers Insurance Company (hereinafter collectively referred to as "Underwriters") was and is a foreign insurer organized and existing under the laws of a state other than Louisiana, and at all times pertinent was one of the hull and machinery insurers of Superior Energy Liftboats, LLC, Superior Energy Services, LLC and the L/B SUPERIOR GALE.

4.

At all times material hereto, Plaintiff, Fireman's Fund Insurance Company (hereinafter collectively referred to as "Underwriters") was and is a foreign insurer organized and existing under the laws of a state other than Louisiana, and at all times pertinent was one of the hull and machinery insurers of Superior Energy Liftboats, LLC, Superior Energy Services, LLC and the L/B SUPERIOR GALE.

5.

At all times material hereto, Plaintiff, Markel Insurance Company (hereinafter collectively referred to as "Underwriters") was and is a foreign insurer organized and existing under the laws of a state other than Louisiana, and at all times pertinent was one of the hull and machinery insurers of Superior Energy Liftboats, LLC, Superior Energy Services, LLC and the L/B SUPERIOR GALE.

6.

At all times material hereto, Plaintiff, Royal Insurance Company (hereinafter collectively referred to as "Underwriters") was and is a foreign insurer organized and existing under the laws of a state other than Louisiana, and at all times pertinent was one of the hull and machinery insurers of Superior Energy Liftboats, LLC, Superior Energy Services, LLC and the L/B SUPERIOR GALE.

7.

At all times material hereto, Plaintiff, One Beacon Insurance Company (hereinafter collectively referred to as "Underwriters") was and is a foreign insurer organized and existing under the laws of a state other than Louisiana, and at all times

<... >...

pertinent was one of the hull and machinery insurers of Superior Energy Liftboats, LLC, Superior Energy Services, LLC and the L/B SUPERIOR GALE.

8.

At all times material hereto, defendant, International Marine Systems, LLC ("IMS"), was and is a limited liability company duly organized and existing under and by virtue of the laws of the state of Louisiana, with an office and principal place of business at 16201 East Main Street, Galliano, Louisiana, 70354.

9.

At all times material hereto, Defendant, Bollinger Shipyards Lockport, LLC (hereinafter collectively referred to as "Bollinger") was and is a limited liability company duly organized and existing under and by virtue of the laws of the state of Louisiana, with an office and principal place of business at 8365 Highway 308, Lockport, Louisiana, 70374.

10.

At all times material hereto, Defendant, SOTEC, LLC ("SOTEC"), was and is a limited liability company duly organized and existing under and by virtue of the laws of the state of Louisiana, with an office and principal place of business at 215 East William David Parkway, Metairie, Louisiana, 70005.

11.

This Court has original jurisdiction in this matter pursuant to 28 U.S.C. § 1333 because the claims herein are admiralty and maritime, and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Moreover, jurisdiction is proper under this

Court's supplemental and ancillary jurisdiction and this Court has pendant jurisdiction over any and all state claims, in that all claims, state and federal, arise out of a common nucleus of operative facts.

12.

Venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391 as one or more of the Plaintiffs are domiciled in this District. Also, venue is proper in the Eastern District of Louisiana because all Defendants are Louisiana companies and have their principal place of business in the Eastern District of Louisiana. Further, venue is proper in the Eastern District of Louisiana because the Defendants are amenable to process in this district.

13.

The L/B SUPERIOR GALE, official number 1124970, is a United States flagged offshore supply (liftboat) vessel measuring 132 feet in length and 92 feet in breadth, and having 173 gross tonnage. The L/B SUPERIOR GALE is owned and operated, respectively, by Superior Energy Liftboats, LLC and Superior Energy Services, LLC (hereinafter collectively referred to as "Superior").

14.

Prior to February 19, 2003, Superior contracted with Bollinger to design and manufacture the L/B SUPERIOR GALE.

15.

Prior to February 19, 2003, Bollinger designed, manufactured, and/or built the L/B SUPERIOR GALE.

16.

Prior to February 19, 2003, and during the original construction of the L/B SUPERIOR GALE, SOTEC designed, manufactured, built, and/or installed a fire suppression $CO^2$ system aboard the L/B SUPERIOR GALE.

17.

Prior to February 19, 2003, and during the original construction of the L/B SUPERIOR GALE, IMS designed, manufactured, built, and/or installed alarm systems for the L/B SUPERIOR GALE including, but not limited to the low fuel/low oil pressure alarms.

18.

On or about February 17, 2003, at the request of Superior, IMS performed repairs and modified the alarm system and/or added additional alarm systems for the low fuel/low oil pressure alarms aboard the L/B SUPERIOR GALE at Bollinger's shipyard in Lake Charles installing a new alarm system.

19.

On or about February 18, 2003, the L/B SUPERIOR GALE departed Bollinger's shipyard located in Lake Charles, Louisiana, bound for Bollinger's shipyard located in Fourchon, Louisiana, to undergo additional repairs.

20.

On or about February 19, 2003, the L/B SUPERIOR GALE was traveling between Lake Charles and New Orleans when at approximately 0425 hours a fire was discovered in the starboard engine room. At the time the fire was discovered aboard

the L/B SUPERIOR GALE, the vessel was located on navigable waters of the United States in Vermillion Area, Block 96 near Trinity Shoals.

21.

The L/B SUPERIOR GALE was equipped with a fire suppression $CO_2$ system designed to introduce $CO_2$ into the vessel's engine room in the event of a fire. When the fire was discovered, the crew of the L/B SUPERIOR GALE followed procedures recommended by the builder of the vessel, Bollinger, to seal off all air to thestarboard engine room and the fire suppression $CO_2$ system was activated. However, the fire suppression $CO_2$ system did not completely eliminate the engine room fire. Ultimately, the engine room fire was extinguished by crew members of the L/B SUPERIOR GALE entering the engine room with hoses and fire extinguishers.

22.

Plaintiffs contend that the accident and damages described above was in no way caused by the fault of Plaintiffs, Superior or Underwriters, but was caused by the fault and negligence of the Defendants, IMS, Bollinger, and SOTEC, in the following respects, including, but not limited to:

      (a)    Negligently designing, manufacturing, building and/or erecting a defective vessel.

      (b)    Negligently designing, manufacturing, repairing, building and/or erecting defective alarm systems for the alarms aboard the L/B SUPERIOR GALE, including, but not limited to the low fuel/low oil pressure alarms.

(c) Negligently designing, manufacturing, building and/or erecting a defective fire suppression $CO_2$ system aboard the L/B SUPERIOR GALE.

(d) Negligently or improperly testing, operating and/or handling the defective vessel.

(e) Negligently or improperly testing, operating and/or handling an alarm system for the alarms aboard the L/B SUPERIOR GALE.

(f) Negligently or improperly testing, operating and/or handling a fire suppression $CO_2$ system aboard the L/B SUPERIOR GALE.

(g) Failure to warn of the dangers posed by the defective vessel.

(h) Failure to warn of the dangers posed by a defective fire suppression $CO_2$ system aboard the L/B SUPERIOR GALE.

(i) Failure to warn of the dangers posed by a defective alarm system aboard the L/B SUPERIOR GALE.

(j) Other acts of negligence to be shown at the trial hereof.

Plaintiffs reserve the right to amend and/or supplement this paragraph of the Complaint to further specify the failure, fault and negligence of IMS, Bollinger, and SOTEC.

23.

In the alternative, Plaintiffs contend that the fire on the L/B SUPERIOR GALE was caused or contributed to by the inadequate engineering design and/or manufacture and/or modification of the alarm system, the inadequate engineering design or

manufacture of the fire suppression system, inadequate engineering design and/or manufacture of the vessel's electrical components, and/or the fact that the L/B SUPERIOR GALE was unreasonably dangerous in its design and construction rendering it unsafe, among other defects and/or inadequacies to be shown at the trial hereof, all of which rendered the L/B SUPERIOR GALE unreasonably dangerous.

24.

In the further alternative, upon information and belief, the fire aboard the L/B SUPERIOR GALE occurring on or about February 19, 2003, was caused by defective copper tubing, either in design or quality, installed on the fuel filter of the L/B SUPERIOR GALE's starboard engine, and/or by the negligent design of and/or work performed installing the copper tubing on the fuel filter of the L/B SUPERIOR GALE's starboard engine.

25.

In the further alternative, Plaintiffs, Superior and Underwriters, plead the doctrine of *RES IPSA LOQUITOR*.

26.

The fire in the starboard engine room of the L/B SUPERIOR GALE caused substantial damage to her and removed her from future service until the vessel and related appurtenances were repaired.

27.

On or about February 19, 2003, Plaintiffs, Underwriters, were the hull and machinery underwriters for Superior and the L/B SUPERIOR GALE. Underwriters have

paid a portion of the damages sustained as a proximate result of the starboard engine room fire aboard the L/B SUPERIOR GALE, including, but not limited to, property damage and repairs to the L/B SUPERIOR GALE, and is therefore subrogated to the interest of Superior to the extent of payments made on said claim.

28.

Superior contracted with Bollinger for the designing, manufacturing, building and/or erecting of the L/B SUPERIOR GALE. Superior also contracted with Bollinger for the alarm systems aboard the L/B SUPERIOR GALE and a fire suppression $CO^2$ system aboard the L/B SUPERIOR GALE.

29.

Bollinger breached their contractual duties owed to Superior relative to the designing, manufacturing, building and/or erecting of the L/B SUPERIOR GALE, the alarm system for a low fuel/low oil pressure alarms aboard the L/B SUPERIOR GALE, and a fire suppression $CO^2$ system aboard the L/B SUPERIOR GALE.

30.

As a result of said Bollinger's breach of contract, Superior sustained damages including, but not limited to, physical damage to the L/B SUPERIOR GALE, physical damage to an alarm system for a low fuel/low oil pressure alarms aboard the L/B SUPERIOR GALE, physical damage to a fire suppression $CO^2$ system aboard the L/B SUPERIOR GALE, loss of use, cover expenses, business interruption, loss of profit, and other damages directly related to the aforementioned failure(s), no part of which has been paid.

31.

The fire aboard the L/B SUPERIOR GALE resulted in substantial damages to Superior and Underwriters, including but not limited to repair costs of the L/B SUPERIOR GALE and appurtenant equipment; transportation expenses; survey fees; investigative expenses; cost of substitute equipment; loss of revenue; salvage expenses; and loss of profits. The total amount of physical damages, loss of use, loss of revenue, lost profits, survey expenses, and/or other related consequential damages has been estimated to be in excess of $2,444,921.30. Plaintiffs reserve the right to amend or supplement this paragraph of the Complaint to further specify the loss, damage, loss of use expenses and costs resulting from this accident.

32.

ALL AND SINGULAR, the premises are true and correct and within the jurisdiction of this Court.

**WHEREFORE**, Plaintiffs, Superior Energy Services, LLC, Superior Energy Liftboats, LLC, American Employers Insurance Company, Fireman's Fund Insurance Company, Markel Insurance Company, Royal Insurance Company and One Beacon Insurance Company, pray:

That process in due form of law according to the rules and practices of this Court may issue against defendants, International Marine Systems, LLC, Bollinger Shipyard, Inc., Bollinger Shipyards Lockport, LLC and SOTEC, LLC, citing them to appear and

answer, all and singular, the matters aforesaid; that after due proceedings had, a judgment be rendered in favor of Superior Energy Services, LLC, Superior Energy Liftboats, LLC, American Employers Insurance Company, Fireman's Fund Insurance Company, Markel Insurance Company, Royal Insurance Company and One Beacon Insurance Company, and against all defendants, International Marine Systems, LLC, Bollinger Shipyard, Inc., Bollinger Shipyards Lockport, LLC and SOTEC, LLC, jointly, severally and *in solido* for all damages suffered by Superior Energy Services, LLC, Superior Energy Liftboats, LLC, American Employers Insurance Company, Fireman's Fund Insurance Company, Markel Insurance Company, Royal Insurance Company and One Beacon Insurance Company, together with interest, costs and attorneys fees and that Superior Energy Services, LLC, Superior Energy Liftboats, LLC, American Employers Insurance Company, Fireman's Fund Insurance Company, Markel Insurance Company, Royal Insurance Company and One Beacon Insurance Company may have such other and further relief as may be equitable and just in law or equity.

Respectfully submitted, this ___18___ day of February, 2004.

                               EMMETT, COBB, WAITS & KESSENICH

                               BY: _____
                                       J. FREDRICK KESSENICH (7354)
                                       LOUIS G. SPENCER (26520)
                                       1515 Poydras Street, Suite 1950
                                       New Orleans, Louisiana 70112
                                       Telephone: 504-581-1301
                                       Facsimile: 504-581-6020
                                       E-Mail: ecwko@ecwko.com
                                       Attorneys for Superior Energy Services, LLC, Superior Energy Liftboats, LLC, Markel Insurance Company, One Beacon Insurance Company, American Employers Insurance Company, Fireman's Fund Insurance Company, and Royal Insurance Company.

**PLEASE SERVE:**

**International Marine Systems, LLC**
Through its registered agent for service of process:
Dionne Chouest
16201 East Main Street
Galliano, Louisiana 70354

**Bollinger Shipyards Lockport, LLC**
Through its registered agent for service of process:
L. Clifton Dickerson, III
1402 Mar Drive
Lockport, Louisiana 70374

**SOTEC, LLC**
Through its registered agent for service of process:
Lawrence M. Lehmann
400 Poydras Street
Suite 2050
New Orleans, Louisiana 70130